# EXHIBIT

# B

8/21/2019 9:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36140290
By: Miaeda Hutchinson
Filed: 8/21/2019 9:24 AM

**Cause No. _____**

| | | |
|---|---|---|
| LONG DO, and | § | |
| PHUONG DUNG HUYNH | § | |
| *Plaintiffs,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| IAT INSURANCE GROUP, INC. | § | |
| *Defendant.* | § | _____ JUDICAL DISTRICT |

---

### PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, LONG DO and PHUONG DUNG HUYNH (herein "Plaintiffs ") and files this PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE, complaining of IAT INSURANCE GROUP, INC. (herein "IAT"), and respectfully shows this Honorable Court the following:

## I.   DISCOVERY CONTROL PLAN

1.       Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## II.   PARTIES

2.       Plaintiffs Long Do and Phuong Dung Huynh are residing in Harris County, Texas.

3.       Defendant IAT is a foreign insurance company engaged in the business of insurance in the State of Texas with its principal office located in Raleigh, North Carolina. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Harris County. Defendant IAT may be served via its registered Attorney for Service: C T Corporation at 1999 Bryan Street, Suite 900, Dallas,

Texas 75201-3136.

### III. <u>JURISDICTION</u>

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief of more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

5.      The Court has jurisdiction over Defendant IAT because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

### IV. <u>VENUE</u>

6.      Venue is proper in Harris, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V. <u>FACTS</u>

7.      Plaintiffs are the owner of an IAT Insurance Group Policy, with Policy No. TXH1341563 which was issued and sold by IAT (hereinafter referred to as "the Policy") and was effective during the date of incident (See Exhibit A).

8.      Plaintiffs own the insured property, which is specifically located at 7135 Rambling Tree Ln, Richmond, TX 77407, which is located in Harris County, Texas (herein "the Property").

On or about August 25, 2017, a severe wind and/or hail storm, a/k/a Hurricane Harvey struck Harris County, Texas ("the Incident"). This storm caused substantial damage to buildings in the area, including Plaintiffs' Property. On or about July 06, 2019, Plaintiffs had EZ Roof & Construction conducted on the Property. EZ Roof & Construction found that the Property

Certified Document Number: 86745813 - Page 2 of 12

3

sustained substantial wind and/or hail damage as a result of the Incident. Specifically, the laminated shingle roofing of Plaintiffs' dwelling sustained extensive wind and/or hail damage and requires *full replacement* along with the roof components, such as the closed valley system, galvanized flashing, storm guard for both valley and chimney, metal drip edge, ridge vent, pluming jack, and roof vents. In addition, EZ Roof & Construction determined that an asphalt starter course will be required to effectuate roof repairs (See Exhibit B).

9.      Prior to the inspection conducted by EZ Roof & Construction, Plaintiffs submitted a claim to IAT against the Policy referenced in paragraph 7 for hail and wind damage to the Property sustained as a result of the Incident, and their claim was assigned claim number 341563397667 by Defendant IAT on May 13, 2019 ("the Claim"). Plaintiffs asked that IAT cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

10.     IAT acknowledged the claim and informed the Plaintiffs that further on-site investigation of the claim might be necessary.

11.     Thereafter, IAT assigned Mr. Nigel Goad (herein "Goad") to inspect the Property and adjust the claim on its behalf.

12.     As of August 7, 2019 Defendant IAT has not compensated Plaintiffs' claim.

13.     Defendant IAT failed to perform its contractual duty to adequately compensate Plaintiffs under terms of the Policy. Specifically, it refused to pay adequately proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. IAT's conduct constitutes a breach of the insurance contract between IAT and Plaintiffs.

14.     Defendant IAT and Goad failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant IAT conduct constitutes

Certified Document Number: 86745813 - Page 3 of 12

a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

15.     Defendant IAT failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. IAT's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

16.     Defendant IAT failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. IAT's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

17.     As a result of Defendant IAT and Goad's wrongful acts and omissions, Plaintiffs was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## VI.    CAUSES OF ACTION

18.     Defendant IAT is liable to Plaintiffs for breach of contract, "knowing" violations of Chapters 541 and 542 of the Texas Insurance Code, and for Goad's acts as IAT's agent.

### A. BREACH OF CONTRACT

19.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

20.     Defendant IAT's conduct constitutes a breach of the insurance contract made between IAT and Plaintiffs.

21.     A contract exists when: 1) an offer is made for goods or services; 2) acceptance is

followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.,* 184 S.W.3d 1, 17 (Tex.App.–Houston [1st Dist.] 2005, pet. denied).

22.     A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

23.     Defendant IAT's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiffs fully performed all of their obligations under the Policy, including the payment of the premium, constitutes a breach of IAT's insurance contract with Plaintiffs.

B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

24.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

25.     Defendant IAT's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

27.     Defendant IAT's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though IAT's liability under the policy was reasonably clear, constitutes an unfair method of competition

Certified Document Number: 86745813 - Page 5 of 12

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §54l.060(a)(2)(A).

28.     Defendant IAT's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

29.     Defendant IAT's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

C.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

30.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

31.     Defendant IAT's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

32.     Defendant IAT's failure to notify Plaintiffs in writing of its acceptance or rejection of the entire claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

33.     Defendant IAT's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS.

Certified Document Number: 86745813 - Page 6 of 12

CODE §542.058.

### D. ACTS CONSTITUATING ACTING AS AGENT

34.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

35.     Defendant Goad's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.     Defendant Goad's unfair settlement practice, as described above, of failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §54l.060(a)(2)(A).

37.     The unfair settlement practice of Goad as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38.     Defendant Goad's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.     Goad did not properly inspect the Property and therefore failed to assess many of the Plaintiffs' covered damages, although Plaintiffs had reported the same to Goad. Defendant

Goad's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

40.      An insured that is subject to prohibited conduct by an insurance carrier, or its representatives and agents, can seek redress under both the Texas Insurance Code and the Texas Deceptive Trade Practices Act (herein "DTPA"). TEX. Bus. & COM. CODE § 17.43; *Vail v. Texas Farm Bur. Mut. Ins. Co.,* 754 S.W.2d 129, 133-36 (Tex. 1988).

41.      Plaintiffs are a "consumer" under the DTPA. TEX. Bus. & COM. CODE § 17.45(4).

42.      Section 17.45(5) of the DTPA defines "unconscionable action or course of action" as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. Bus. & COM. CODE § 17.45(5).

43.      Section 17.50 of the DTPA authorizes a consumer to "maintain an action where [ . . . ] any unconscionable action or course of action *by any person"* constitutes a producing cause of economic damages or damages for mental anguish. TEX. Bus. & COM. CODE §l7.50(a)(3) (emphasis added).

44.      In the instant matter, Goad clearly sought to take advantage of the lack of knowledge, ability, experience, or capacity of the Plaintiffs to a grossly unfair degree. After the full-detailed estimate report was given to the Plaintiffs, Goad did not clearly explained what he found duringher

inspection at the Property.

45.      As referenced and described above, and further conduct throughout this litigation and

Certified Document Number: 86745813 - Page 8 of 12

lawsuit, Goad is an agent of Defendant IAT based on Defendant IAT's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

46.     Separately, and/or in the alternative, as referenced and described above, Defendant IAT ratified the acts, negligent hiring and training, supervision and/or omissions of Goad, including the completion of his duties under the common-law and statutory law.

## VII.   KNOWLEDGE

47.     Plaintiffs re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

48.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## VIII.   DAMAGES

49.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

50.     As previously mentioned, the damages caused by the August 25, 2017 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant IAT's mishandling of Plaintiffs' claim in violation of the laws set forth above.

51.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

Certified Document Number: 86745813 - Page 9 of 12

52.      For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asked for three times their actual damages. TEX. INS. CODE §541.152.

53.      For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as fifteen (15) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

54.      For Defendant Goad's violation of the DTPA, Plaintiffs are entitled to economic damages, damages for mental anguish, exemplary damages, court costs & expenses, and reasonable attorneys' fees.

55.      For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiff' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.   CONDITIONS PRECEDENT

56.      Plaintiffs assert that all conditions precedent to filing suit under the policy referenced in paragraph 7 have been met and fulfilled.

## X.   REQUESTS FOR DISCLOSURE

57.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs hereby requests Defendant IAT disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a) through (1) of the Texas Rules of Civil Procedure.

Certified Document Number: 86745813 - Page 10 of 12

## XI.  **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, said Plaintiffs recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he is justly entitled.

**Johnny Nguyen & Associates**
By: */s/Johnny Nguyen*
Johnny Nguyen
SBN: 24090667

2825 Wilcrest Drive
Suite 308
Houston, Texas, 77042
T: (832) 834-5918
F: (281) 503-7503
jnguyen@johnnynguyenlaw
.com

Attorney for Plaintiffs:
LONG DO and PHUONG
DUNG HUYNH

Certified Document Number: 86745813 - Page 11 of 12

Certified Document Number: 86745813 - Page 12 of 12



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 15, 2020

Certified Document Number:        86745813 Total Pages:  12

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/7/2019 1:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38314208
By: Carolina Salgado
Filed: 11/7/2019 1:29 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: 2019-58146          CURRENT COURT: 157th District Court

Name(s) of Documents to be served: Citation

FILE DATE: 08/21/2019          Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: IAT Insurance Group, Inc.

Address of Service: 1999 Bryan Street , Suite 900

City, State & Zip: Dallas, Texas 75201-3136

Agent (if applicable) CT Corporation

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication** Newspaper_____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **E-Issuance by District Clerk** **(No Service Copy Fees Charged)**
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

- [x] **OTHER,** *explain* Tina Pham

**Issuance of Service Requested By:** Attorney/Party Name: Johnny Nguyen   Bar # or ID 24090667

Mailing Address: 2825 Wilcrest Dr., Suite 308, Houston, TX

Phone Number: 8328345918



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 15, 2020

Certified Document Number:         87989891 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

### CAUSE NUMBER: __201958146__

ATY _____      CIV __✗__      COURT _157th_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: __NGUYEN, THANH__  * PH: __(832) 834-5918__ |
| *CIVIL PROCESS SERVER: _Tina Pham_ |
| *PH: _____ |
| *PERSON NOTIFIED SVC READY: _Front office_ |
| * NOTIFIED BY: _CS_ |
| *DATE: _NOV 8 19_ |

| | |
|---|---|
| Type of Service Document: __Citation__ | Tracking Number _73694253_ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |

Process papers prepared by: _**Carolina Salgado**_

Date: _11 / 08 / 2019_      30 days waiting _12 / 07 /2019_

| |
|---|
| *Process papers released to: _Tina Pham_ |
| (PRINT NAME) |
| 713 885 1645 |
| *(CONTACT NUMBER)     (SIGNATURE) |
| *Process papers released by: _I. Collins_ |
| (PRINT NAME) |
| _al. Collins_ |
| (SIGNATURE) |
| * Date: _____, 2019  Time: _____ AM / PM |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**Entire document  must be completed**   (do not change this document)  Revised 1/3/2019

Certified Document Number: 88078047 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 15, 2020

Certified Document Number:        88078047 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/18/2019 11:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38570255
By: Kimberly Garza
Filed: 11/18/2019 11:08 AM

## CAUSE NO. <u>2019-58146</u>

| | | |
|---|---|---|
| **LONG DO AND PHUONG DUNG HUYNH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| VS. | § | **157TH JUDICIAL DISTRICT** |
| | § | |
| **IAT INSURANCE GROUP, INC.,** | § | |
| | § | |
| **Defendant(s).** | § | **HARRIS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Thursday, November 14, 2019 at 2:50 PM,**
Executed at: **1999 BRYAN ST, STE 900, DALLAS, TX 75201**
within the county of **DALLAS** at **3:10 PM,** on **Thursday, November 14, 2019,**
by individually and personally delivering to the within named:

### IAT INSURANCE GROUP INC

By delivering to its **Registered Agent, CT CORPORATION**
By delivering to **Authorized Agent, TERRI THONGSAVAT**
a true copy of this

### CITATION and PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Tracy Edwards** who after being duly sworn on oath states: "My name is **Tracy Edwards**. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."



STEVE L REED
Notary Public
STATE OF TEXAS
ID#500570-9
My Comm. Exp. Feb 23, 2022

By: _____

**Tracy Edwards** - PSC1872 - Exp 03/31/20
served@specialdelivery.com

**Subscribed and Sworn to by Tracy Edwards, Before Me,** the undersigned authority, on this _15th_ day of November, 2019.

_____
**Notary Public in and for the State of Texas**

Certified Document Number: 88140257 - Page 1 of 2

CAUSE NO.  201958146

RECEIPT NO.                    0.00      CIV
          **********           TR # 73694253

| | |
|---|---|
| PLAINTIFF: DO, LONG<br>vs.<br>DEFENDANT: IAT INSURANCE GROUP INC | In The   157th<br>Judicial District Court<br>of Harris County, Texas<br>157TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: IAT INSURANCE GROUP INC (FOREIGN INSURANCE COMPANY) BY SERVING ITS
    REGISTERED ATTORNEY FOR SERVICE CT CORPORATION
    1999 BRYAN STREET SUITE 900   DALLAS  TX  75201 - 3136
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

This instrument was filed on the 21st day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 8th day of November, 2019, under my hand and
seal of said Court.

Issued at request of:
NGUYEN, THANH HOANG
2825  WILCREST DRIVE SUITE 308
HOUSTON, TX  77042
Tel: (832) 834-5918
Bar No.: 24090667

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: SALGADO, CAROLINA  C17//11376701

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                        _____
         _____ of _____County, Texas

_____       By _____
        Affiant                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                        _____
                               Notary Public

N.INT.CITR.P              *73694253*

Certified Document Number: 88140257 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 15, 2020

Certified Document Number:        88140257 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Marilyn Burgess - District Clerk Harris County
Envelope No. 39074521
By: Iliana Perez
Filed: 12/9/2019 10:01 AM

CAUSE NO. 2019-58146

| | | |
|---|---|---|
| LONG DO AND PHUONG DUNG HUYNH | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| IAT INSURANCE GROUP, INC. | § | HARRIS COUNTY, TEXAS |

### DEFENDANT IAT INSURANCE GROUP, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, IAT INSURANCE GROUP, INC., Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiffs' Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Tex.R.Civ.P. 93, Defendant IAT Insurance Group, Inc., denies that it issued an insurance policy for the house or the loss set out in the Plaintiffs' petition. There is a defect of parties. IAT Insurance Group, Inc., is not a proper party. Occidental Fire & Casualty Company of North Carolina issued the policy and is the proper Defendant.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as

Certified Document Number: 88428362 - Page 2 of 4

evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

<div align="center">7.</div>

<div align="center">Requests for Disclosure</div>

At the time required by law or the Rules, the Defendant requests the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West* _____
      Mikell A. West
      State Bar No. 24070832

ATTORNEY FOR DEFENDANT IAT INSURANCE GROUP, INC.

## <u>CERTIFICATE OF SERVICE</u>

I, Mikell A. West, hereby certify that on the 9th day of December, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorney for Plaintiffs</u>*
Johnny Nguyen
Johnny Nguyen & Associates
Email: jnguyen@johnnynguyenlaw.com

**VIA E-FILING**

/s/ Mikell A. West
Mikell A. West



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 15, 2020

Certified Document Number:      88428362 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/9/2019 10:01 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39074521
By: Iliana Perez
Filed: 12/9/2019 10:01 AM

CAUSE NO. 2019-58146

| | | |
|---|---|---|
| LONG DO AND PHUONG DUNG HUYNH | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| IAT INSURANCE GROUP, INC. | § | HARRIS COUNTY, TEXAS |

## **DEFENDANT'S DEMAND FOR JURY**

COMES NOW, IAT INSURANCE GROUP, INC., Defendant in the above-referenced cause,

and demands a trial by jury and hereby deposits its Forty Dollar ($40) jury fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
       Mikell A. West
       State Bar No. 24070832

ATTORNEY FOR DEFENDANT IAT INSURANCE
GROUP, INC.

Certified Document Number: 88428363 - Page 1 of 2

## **CERTIFICATE OF SERVICE**

I, Mikell A. West, hereby certify that on the 9th day of December, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Johnny Nguyen
Johnny Nguyen & Associates
Email: jnguyen@johnnynguyenlaw.com

**VIA E-FILING**

/s/ Mikell A. West
Mikell A. West

DO, LONG/IAT – JD - PAGE **2** OF **2**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 15, 2020

Certified Document Number:        88428363 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

12/23/2019 2:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39474042
By: LISA COOPER
Filed: 12/23/2019 2:16 PM

<div style="writing-mode: vertical-lr">Certified Document Number: 88661072 - Page 1 of 12</div>

**Cause No. 2019-58146**

LONG DO, and
PHUONG DUNG HUYNH                  §
*Plaintiffs,*                              §
                                   §          IN THE DISTRICT COURT
                                   §
                                   §
V.                                 §          HARRIS COUNTY, TEXAS
                                   §
IAT  INSURANCE                     §
GROUP, INC.                        §
*Defendant.*                          §
                                   §          157th JUDICAL DISTRICT

### <u>PLAINTIFF'S AMENDED ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, LONG DO and PHUONG DUNG HUYNH (herein "Plaintiffs ") and

files this PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE,

complaining of OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA.

(herein "OFC"), and respectfully shows this Honorable Court the following:

### I.   <u>DISCOVERY  CONTROL PLAN</u>

1.    Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the

Texas Rules of Civil Procedure.

### II.   <u>PARTIES</u>

2.    Plaintiffs Long Do and Phuong Dung Huynh are residing in Harris County, Texas.

3.    Defendant OFC is a foreign insurance company engaged in the business of

insurance in the State of Texas with its principal office located in Raleigh, North Carolina.

The causes of action asserted arose from or are connected with purposeful acts committed

by Defendant in the State of Texas, in Harris County. Defendant OFC may be served via its registered Attorney for Service: C T Corporation at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.   <u>JURISDICTION</u>

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief of more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

5.      The Court has jurisdiction over Defendant OFC because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

### IV.   <u>VENUE</u>

6.      Venue is proper in Harris, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V.   <u>FACTS</u>

7.      Plaintiffs are the owner of an OFC Insurance Group Policy, with Policy No. TXH1341563 which was issued and sold by OFC (hereinafter referred to as "the Policy") and was effective during the date of incident (See Exhibit A).

8.      Plaintiffs own the insured property, which is specifically located at 7135 Rambling Tree Ln, Richmond, TX 77407, which is located in Harris County, Texas (herein "the Property").

On or about August 25, 2017, a severe wind and/or hail storm, a/k/a Hurricane Harvey struck Harris County, Texas ("the Incident"). This storm caused substantial damage to buildings in the

Certified Document Number: 88661072 - Page 2 of 12

area, including Plaintiffs' Property. On or about July 06, 2019, Plaintiffs had EZ Roof & Construction conducted on the Property. EZ Roof & Construction found that the Property sustained substantial wind and/or hail damage as a result of the Incident. Specifically, the laminated shingle roofing of Plaintiffs' dwelling sustained extensive wind and/or hail damage and requires *full replacement* along with the roof components, such as the closed valley system, galvanized flashing, storm guard for both valley and chimney, metal drip edge, ridge vent, pluming jack, and roof vents. In addition, EZ Roof & Construction determined that an asphalt starter course will be required to effectuate roof repairs (See Exhibit B).

9.      Prior to the inspection conducted by EZ Roof & Construction, Plaintiffs submitted a claim to OFC against the Policy referenced in paragraph 7 for hail and wind damage to the Property sustained as a result of the Incident, and their claim was assigned claim number 341563397667 by Defendant OFC on May 13, 2019 ("the Claim"). Plaintiffs asked that OFC cover all costs of repairs to the Property, as shown *supra,* pursuant to the Policy.

10.     OFC acknowledged the claim and informed the Plaintiffs that further on-site investigation of the claim might be necessary.

11.     Thereafter, OFC assigned Mr. Nigel Goad (herein "Goad") to inspect the Property and adjust the claim on its behalf.

12.     As of August 7, 2019, Defendant OFC has not compensated Plaintiffs' claim.

13.     Defendant OFC failed to perform its contractual duty to adequately compensate Plaintiffs under terms of the Policy. Specifically, it refused to pay adequately proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. OFC 's conduct constitutes a breach of the insurance contract between OFC and Plaintiffs.

4

14.     Defendant OFC and Goad failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant OFC conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §54l.060(a)(2)(A).

15.     Defendant OFC failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. OFC 's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

16.     Defendant OFC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. OFC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

17.     As a result of Defendant OFC and Goad's wrongful acts and omissions, Plaintiffs was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## VI.     CAUSES OF ACTION

18.     Defendant OFC is liable to Plaintiffs for breach of contract, "knowing" violations of Chapters 541 and 542 of the Texas Insurance Code, and for Goad's acts as OFC s agent.

### A. BREACH OF CONTRACT

19.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

20.     Defendant OFC 's conduct constitutes a breach of the insurance contract made between

Certified Document Number: 88661072 - Page 4 of 12

OFC and Plaintiffs.

21.     A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.,* 184 S.W.3d 1, 17 (Tex.App.–Houston [1st Dist.] 2005, pet. denied).

22.     A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

23.     Defendant OFC's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiffs fully performed all of their obligations under the Policy, including the payment of the premium, constitutes a breach of OFC 's insurance contract with Plaintiffs.

B.     <u>NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES</u>

24.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

25.     Defendant OFC 's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

27.     Defendant OFC 's unfair settlement practice, as described above, of failing to attempt

Certified Document Number: 88661072 - Page 5 of 12

in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though OFC 's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §54l.060(a)(2)(A).

28.     Defendant OFC 's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

29.     Defendant OFC 's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

30.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

31.     Defendant OFC 's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

32.     Defendant OFC 's failure to notify Plaintiffs in writing of its acceptance or rejection of

the entire claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

Certified Document Number: 88661072 - Page 6 of 12

7

33.     Defendant OFC 's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### D. ACTS CONSTITUATING ACTING AS AGENT

34.     Plaintiffs re-allege and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

35.     Defendant Goad's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.     Defendant Goad's unfair settlement practice, as described above, of failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §54l.060(a)(2)(A).

37.     The unfair settlement practice of Goad as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38.     Defendant Goad's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive

Certified Document Number: 88661072 - Page 7 of 12

act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.    Goad did not properly inspect the Property and therefore failed to assess many of the Plaintiffs' covered damages, although Plaintiffs had reported the same to Goad. Defendant Goad's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

40.    An insured that is subject to prohibited conduct by an insurance carrier, or its representatives and agents, can seek redress under both the Texas Insurance Code and the Texas Deceptive Trade Practices Act (herein "DTPA"). TEX. Bus. & COM. CODE § 17.43; *Vail v. Texas Farm Bur. Mut. Ins. Co.,* 754 S.W.2d 129, 133-36 (Tex. 1988).

41.    Plaintiffs are a "consumer" under the DTPA. TEX. Bus. & COM. CODE § 17.45(4).

42.    Section 17.45(5) of the DTPA defines "unconscionable action or course of action" as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. Bus. & COM. CODE § 17.45(5).

43.    Section 17.50 of the DTPA authorizes a consumer to "maintain an action where [. . .] any unconscionable action or course of action *by any person "* constitutes a producing cause of economic damages or damages for mental anguish. TEX. Bus. & COM. CODE §l7.50(a)(3) (emphasis added).

44.    In the instant matter, Goad clearly sought to take advantage of the lack of knowledge, ability, experience, or capacity of the Plaintiffs to a grossly unfair degree. After the full-detailed estimate report was given to the Plaintiffs, Goad did not clearly explained what

Certified Document Number: 88661072 - Page 8 of 12

he found duringher

inspection at the Property.

45.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Goad is an agent of Defendant OFC based on Defendant OFC 's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

46.     Separately, and/or in the alternative, as referenced and described above, Defendant OFC ratified the acts, negligent hiring and training, supervision and/or omissions of Goad, including the completion of his duties under the common-law and statutory law.

## VII.   KNOWLEDGE

47.     Plaintiffs re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

48.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## VIII.   DAMAGES

49.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

50.     As previously mentioned, the damages caused by the August 25, 2017 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant OFC' s mishandling of Plaintiffs' claim in

Certified Document Number: 88661072 - Page 9 of 12

violation of the laws set forth above.

51.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

52.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asked for three times their actual damages. TEX. INS. CODE §541.152.

53.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as fifteen (15) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

54.     For Defendant Goad's violation of the DTPA, Plaintiffs are entitled to economic damages, damages for mental anguish, exemplary damages, court costs & expenses, and reasonable attorneys' fees.

55.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiff attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.     CONDITIONS PRECEDENT

56.     Plaintiffs assert that all conditions precedent to filing suit under the policy referenced in paragraph 7 have been met and fulfilled.

## X.     REQUESTS FOR DISCLOSURE

Certified Document Number: 88661072 - Page 10 of 12

57.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs hereby requests Defendant OFC disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a) through (1) of the Texas Rules of Civil Procedure.

## XI.  <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, said Plaintiffs recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he is justly entitled.

**Johnny Nguyen & Associates**
By: *<u>/s/Johnny Nguyen</u>*
Johnny Nguyen
SBN: 24090667

2825 Wilcrest Drive
Suite 308
Houston, Texas, 77042
T: (832) 834-5918
F: (281) 503-7503
jnguyen@johnnynguyenlaw
.com

Attorney for Plaintiffs:
LONG DO and PHUONG
DUNG HUYNH

Certified Document Number: 88661072 - Page 12 of 12



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 15, 2020

Certified Document Number:        88661072 Total Pages:  12

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Case No. 201958146

DO, LONG

vs.

IAT INSURANCE GROUP INC

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

157th JUDICIAL DISTRICT

# DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **2/24/2020**  **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.  **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
(a) **5/25/2020**  Experts for parties seeking affirmative relief.
(b) **6/26/2020**  All other experts.

3.  **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME: Failure to appear will be grounds for dismissal for want of prosecution.

4.  **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)  Total hours per side for oral depositions.
(b)  Number of interrogatories that may be served by each party on any other party.

5. (a) **6/26/2020**  **ALTERNATIVE DISPUTE RESOLUTION.**
 By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement of objection is filed, the court may sign an ADR order.
(b)  ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **7/24/2020**  **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.  **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
(a) **7/24/2020**  If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **7/24/2020**  Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)  Rule 166a(i) motions may not be heard before this date.

8. **7/24/2020**  **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **6/26/2020**  **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.  **DOCKET CALL/PRE-TRIAL CONFERENCE**

 Parties shall be prepared to discuss all aspects of trial with the court on this date. TIME: Failure to appear will be grounds for dismissal for want of prosecution.

11. **8/24/2020**  **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

MIKELL ALAN WEST
PO BOX 6666
CORPUS CHRISTI TX 78466

24070832

TANYA GARRISON
JUDGE, 157TH DISTRICT COURT
Date Generated 1/6/2020

JCVO02D

One month before your two-week trial setting, all parties are required to send a joint letter to the court detailing mediation status, your readiness for trial and how long you expect the trial to last. All parties are required to call the court coordinator, BARBARA CONLEY, at (832) 927-2410, one week prior to your two-week trial setting to get your docket position. Your docket position is subject to change on a dialy basis, so you should be ready to go to trial at any time during the two-week period.

If you have any other questions, please call the court or you may refer to our website for court procedures at www.justex.net under "Courts", "Civil", "157th", Judge TANYA GARRISON

Certified Document Number: 88805905 - Page 2 of 4

Case No. 201958146

DO, LONG

vs.

IAT INSURANCE GROUP INC

\* IN THE DISTRICT COURT OF

\* HARRIS COUNTY, TEXAS

\* 157th JUDICIAL DISTRICT

# DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **2/24/2020**    **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.    **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
(a) **5/25/2020**    Experts for parties seeking affirmative relief.
(b) **6/26/2020**    All other experts.

3.    **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.    **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)    Total hours per side for oral depositions.
(b)    Number of interrogatories that may be served by each party on any other party.

5. (a) **6/26/2020**    **ALTERNATIVE DISPUTE RESOLUTION.**
By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement of objection is filed, the court may sign an ADR order.
(b)    ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **7/24/2020**    **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.    **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
(a) **7/24/2020**    If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **7/24/2020**    Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)    Rule 166a(i) motions may not be heard before this date.

8. **7/24/2020**    **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **6/26/2020**    **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.    **DOCKET CALL/PRE-TRIAL CONFERENCE**
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:  Failure to appear will be grounds for dismissal for want of prosecution.

11. **8/24/2020**    **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

THANH HOANG NGUYEN
2825 WILCREST DRIVE SUITE 308
HOUSTON TX 77042

24090667

TANYA GARRISON
JUDGE, 157TH DISTRICT COURT
Date Generated 1/6/2020

Certified Document Number: 88805905 - Page 3 of 4

JCVO02D

One month before your two-week trial setting, all parties are required to send a joint letter to the court detailing mediation status, your readiness for trial and how long you expect the trial to last. All parties are required to call the court coordinator, BARBARA CONLEY, at (832) 927-2410, one week prior to your two-week trial setting to get your docket position. Your docket position is subject to change on a dialy basis, so you should be ready to go to trial at any time during the two-week period.

If you have any other questions, please call the court or you may refer to our website for court procedures at www.justex.net under "Courts", "Civil", "157th", Judge TANYA GARRISON

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this January 15, 2020

Certified Document Number: 88805905 Total Pages: 4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/13/2020 9:12 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39885954
By: LISA COOPER
Filed: 1/13/2020 9:12 AM

CAUSE NO. 2019-58146

| | | |
|---|---|---|
| LONG DO AND PHUONG DUNG HUYNH | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| IAT INSURANCE GROUP, INC. | § | HARRIS COUNTY, TEXAS |

## <u>DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiffs' Amended Original Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required

under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Certified Document Number: 88883671 - Page 2 of 4

6.

<u>Requests for Disclosure</u>

At the time required by law or the Rules, the Defendant requests the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By:  */s/ Mikell A. West*
      Mikell A. West
      State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

## <u>CERTIFICATE OF SERVICE</u>

I, Mikell A. West, hereby certify that on the 13th day of January, 2020, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorney for Plaintiffs</u>*
Johnny Nguyen
Johnny Nguyen & Associates
Email: jnguyen@johnnynguyenlaw.com

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 15, 2020

Certified Document Number:        88883671 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/13/2020 9:12 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39885954
By: LISA COOPER
Filed: 1/13/2020 9:12 AM

CAUSE NO. 2019-58146

| | | |
|---|---|---|
| LONG DO AND PHUONG DUNG HUYNH | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 157TH JUDICIAL DISTRICT |
| | § | |
| IAT INSURANCE GROUP, INC. | § | HARRIS COUNTY, TEXAS |

## **DEFENDANT'S DEMAND FOR JURY**

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH

CAROLINA, Defendant in the above-referenced cause, and demands a trial by jury. The jury fee has

previously been paid.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West* _____
Mikell A. West
State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE &
CASUALTY COMPANY OF NORTH CAROLINA

Certified Document Number: 88883672 - Page 1 of 2

## <u>CERTIFICATE OF SERVICE</u>

I, Mikell A. West, hereby certify that on the 13th day of January, 2020, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorney for Plaintiffs</u>*
Johnny Nguyen
Johnny Nguyen & Associates
Email: jnguyen@johnnynguyenlaw.com

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West

Certified Document Number: 88883672 - Page 2 of 2

DO, LONG/OCCIDENTAL – JD - PAGE **2** OF **2**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 15, 2020

Certified Document Number:        88883672 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**